Jeremy E. Branch (State Bar No. 303240)
LAW OFFICES OF JEFFREY LOHMAN, P.C.
4740 Green River Road, Suite 310
Corona, CA 92880
Telephone (657) 363-3332
Facsimile: (657) 246-1312
Email: jeremyb@jlohman.com
Attorney for Petitioner

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MIGUEL IBARRA,<br><br>          Petitioner,<br><br>v.<br><br><br>NAVIENT SOLUTIONS, LLC,<br><br>          Respondent. | **Case No.:** 8:19-cv-01764<br><br>**PETITIONER MIGUEL IBARRA'S OPPOSITION TO RESPONDENT NAVIENT SOLUTIONS, LLC'S COUNTER-PETITION TO VACATE THE ARBITRATION AWARDS AND MOTION FOR ATTORNEY FEES IN THE AMOUNT OF $4,204.20** |

COMES NOW Petitioner, Miguel Ibarra, by and through undersigned counsel, submits the following Opposition to Navient Solutions, LLC's Counter-Petition to Vacate the Arbitration Awards:

## I.    INTRODUCTION

Navient Solutions, LLC's ("Navient") Counter-Petition to Vacate the Arbitration Awards ("Petition to Vacate") is a final example of Navient desperately trying to misconstrue case law in order to delay enforcement of a valid arbitration

award against it for its own actions in violating the Telephone Consumer Protection Act ("TCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). This Court need not look past the Petition to Vacate to see that it should be denied, and this Court should confirm the three-arbitrator panel's (the "Panel")  Interim and Final Awards (collectively the "Arbitration Awards"). Navient argues that the Panel was wrong in its interpretation of the arbitration agreement that allows a party to appeal an arbitration award to a three-arbitrator panel "de novo." This matters procedural history and Navient's argument can be summed up as follows:

Navient had an award entered against it by a single arbitrator (Petition to Vacate p. 3). Navient appealed that decision to the Panel under section Q(7) of the promissory note (Petition to Vacate p.3). Section Q(7) (the "Appeal Clause") requires reconsideration of the appealed issues de novo (Petition to Vacate p.3). Navient wanted a new evidentiary hearing instead of an appeal process (Petition to Vacate p.4). The Panel heard arguments from the parties on no less than three occasions and thereafter determined the "arbitration agreement to contemplate an appellate proceeding rather than a trial *de novo* (Petition to vacate p. 5)." Navient lost on appeal (Petition to Vacate p. 5). Navient argues that the Panel's *interpretation* of the agreement was wrong (Petition to Vacate p. 8). Since in Navient's view, the Panel's *interpretation* of the agreement was wrong, the award should be vacated (Petition to Vacate p. 9). There is no authority allowing a district

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES

court to vacate an award based solely on an arbitration panel's interpretation of a contract. The Ninth Circuit has ruled, "Provision of Federal Arbitration Act (FAA) permitting vacatur of an award 'where the arbitrators exceeded their powers' is a high standard for vacatur, and it is not enough to show that the panel committed an error, or even a serious error; rather, arbitrators 'exceed their powers' not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law." Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634 (9th Cir. 2010). In Lagstein, the Ninth Circuit also ruled that "arbitrators exceed their powers for purposes of § 10(a)(4) when they 'act outside the scope of the parties' contractual agreement, *Mich. Mut. Ins.*, 44 F.3d at 830; *see Stolt–Nielsen,* 130 S.Ct. at 1772–75. However, '[w]e ... have no authority to vacate an award solely because of an alleged error in contract interpretation.' *Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1486 (9th Cir.1991). Instead, '[we] need only determine whether the arbitrators' interpretation was 'plausible.''" Id. (citations omitted); *see also McKesson Corp. v. Local 150 IBT*, 969 F.2d 831, 834 (9th Cir.1992) Id.

Navient does not argue that the Panel's interpretation of the agreement between the parties was so implausible as to show the Panel was exercising its own brand of manufactured justice. Instead, Navient argues that Navient disagrees with

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES

the Panel's interpretation, and therefore it must be wrong. Navient does not provide

a factual or legal basis for the Arbitration Awards to be vacated.

## II.     **Legal Argument**

Navient's argument is broken into two parts; each fails as a matter of law.

First, Navient argues that the Panel exceeded its authority by disregarding the

definition of "De Novo." As shown below, this is not the applicable standard, and

even if it were, the ambiguities of the contract allow for the Panel to reasonably

come to the conclusion the Panel did. Secondly, Navient argues that the Panel was

not allowed to assess post-judgment interest on the award. Again, Navient's

assertions carry no weight in light of the relevant case law.

### A. **The Panel had Full Authority to Interpret the Agreement As it Did.**

Navient argues that the Panel exceeded its authority by "disregarding the

definition of 'de novo (Petition to Vacate p. 7).'" Navient then cites to dictionary

definitions of the term "De Novo" to argue that the definition of the arbitration

agreement's Appeal Clause (section Q7)) was purportedly clear that Navient was

entitled to a new evidentiary hearing. This is a red herring. The question for this

Court is not whether or not the Panel interpreted the Appeal Clause incorrectly.

The question for this Court is: was the Panel's interpretation of the Appeal Clause

was so egregiously outside the scope of the Appeal Clause as to demonstrate the

Panel had dispensed with it all together, and instead decide to dispense its own

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES

form of justice against Navient? The answer to which is very clearly, no. Navient cites to the Ninth Circuit's ruling in <u>Sanchez v. Elizondo</u>, 878 F.3d 1216 (9th Cir. 2018), <u>reh'g denied</u> (Jan. 19, 2018), in support of its argument. However, the Sanchez's Court standard does not aid Navient. Namely, "[t]o support vacatur of an arbitration award on ground that the arbitrator exceeded his powers, it is not enough to show that the arbitrator committed an error, or even a serious error; it is only when the arbitrator strays from interpretation and application of the arbitration agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable <u>Id</u>."[1] Under this standard, Navient's contentions hold no weight.

---

[1] Courts across the country have upheld similar standards: "The Federal Arbitration Act does not permit federal courts to vacate an award solely because of an alleged error in contract interpretation." <u>Employers Ins. of Wausau v. National Union Fire Ins. Co. of Pittsburgh, C.A.9 (Cal.) 1991, 933 F.2d 1481</u>.; "Because parties bargained for arbitrator's construction of their agreement, arbitral decision even arguably construing or applying the contract must stand, regardless of court's view of its merits or demerits; only if arbitrator acts outside scope of his contractually delegated authority, issuing award that simply reflects his own notions of economic justice, rather than drawing its essence from the contract, may court overturn his determination." <u>Oxford Health Plans LLC v. Sutter, U.S.2013, 133 S.Ct. 2064, 569 U.S. 564, 186 L.Ed.2d 113</u>.; "District court did not have authority to vacate arbitration award where it believed that arbitrator had improperly interpreted terms of arbitration agreement." <u>Jock v. Sterling Jewelers Inc</u>., <u>C.A.2 (N.Y.) 2011, 646 F.3d 113</u>, certiorari denied <u>132 S.Ct. 1742, 565 U.S. 1259, 182 L.Ed.2d 529</u>, on remand <u>143 F.Supp.3d 127;</u> "The question for decision by a federal court asked to set aside an arbitration award is not whether the arbitrator or arbitrators erred in interpreting the contract, it is not whether they clearly erred in interpreting the

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES

Navient argues that it was entitled to a "trial de novo." However, nowhere in the Appeal Clause is the term "trial de novo." Navient cites to the Appeal Clause and even emphasizes the pertinent language: "Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed." (Petition to Vacate p. 3, Dkt. 1 Exhibit 1). After carefully reviewing the Appeal Clause, and after hearing oral argument by both parties regarding how each party interpreted the meaning of "reconsider de novo" the panel ruled: "The Panel construes the arbitration agreement to contemplate an appellate proceeding rather than a trial de novo. It therefore declines to allow a re-hearing of all the testimonial evidence, even if limited to the issues raised in the Notice of Appeal (Petition to Vacate p. 5)."

---

contract, and it is not whether they grossly erred in interpreting the contract, it is whether they interpreted the contract; it is enough if the arbitrators honestly try to carry out the governing agreements." Trustmark Ins. Co. v. John Hancock Life Ins. Co. (U.S.A.), C.A.7 (Ill.) 2011, 631 F.3d 869, rehearing and rehearing en banc denied, certiorari denied 131 S.Ct. 2465, 563 U.S. 989, 179 L.Ed.2d 1212.; "The Federal Arbitration Act does not permit federal courts to vacate an award solely because of an alleged error in contract interpretation." Employers Ins. of Wausau v. National Union Fire Ins. Co. of Pittsburgh, C.A.9 (Cal.) 1991, 933 F.2d 1481.; "Misinterpretation of contracts will not, in itself, vitiate arbitration award." Federated Dept. Stores, Inc. v. J.V.B. Industries, Inc., C.A.6 (Ohio) 1990, 894 F.2d 862.

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES

The question that remains for this court is whether or not the Panel's interpretation, that the Appeal Clause contemplates an appellate proceeding and not a whole new evidentiary hearing, was a good faith attempt by the Panel to carry out the agreement between the parties or the Panel implementing its own form of economic justice. The simple legal standard of appellee de novo shows that the Panel did not err in its interpretation of the contract, let alone implement its own form of justice, or act in any arbitrary manner. "For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo* ), questions of fact (reviewable for clear error), and matters of discretion (reviewable for "abuse of discretion"). <u>Pierce v. Underwood</u>, 487 U.S. 552, 558, 108 S. Ct. 2541, 2546, 101 L. Ed. 2d 490 (1988). In following the Supreme Court's standard on the term *de novo*, the panel made its interpretation of the Appeal Clause grounded in the law of the land. That is, that because the Appeal Clause called for *de novo* review, the Panel applied *the law* "a new" to the factual determinations of the arbitrator in the first evidentiary hearing.

It does not matter whether the Panel was correct in its interpretation (even though it was). It matters that they came to their conclusion by considering and interpreting the Appeal Clause in accordance with an appropriate legal standard. Navient does not argue that the Panel disregarded the Appeal Clause; it only argues that the Panel was wrong in its interpretation of the Appeal Clause. Navient's

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES

supplemental arguments regarding the factual determinations relating to effective

revocation and damages are irrelevant. The Panel determined that under the Appeal

Clause, it was acting as an appellate panel, and reviewed the legal determinations

*de novo*, leaving intact the factual findings of the initial arbitrator. This was a good

faith effort by the Panel at interpreting the Appeal Clause. Navient's Petition to

Vacate should be denied, and the Arbitration Awards should be confirmed by this

Court.

   **B.** <u>**The Panel did not Exceed it Powers in Granting Post Judgment Interest**</u>

      Section Q8 of the Arbitration agreement states:

      This Arbitration agreement is made pursuant to a transaction
      involving interstate commerce and shall be governed by the FAA, and
      not by any state law concerning arbitration. The arbitrator shall follow
      applicable substantive law to the extent consistent with the FAA,
      applicable statues of limitation and applicable privilege rules and shall
      be authorized to award all remedies permitted by applicable
      substantive law, including, without limitation, compensatory,
      statutory and punitive damages (subject to constitutional limits that
      would apply in court), declaratory, injunctive and other equitable
      relief, and attorney fees and costs.

(Dkt. 1 Exhibit 1 p. NSL000055).

      Rule 44 of the AAA's consumer rules dictates: "The arbitrator may grant

any remedy, relief, or outcome that the parties could have received in court,

including awards of attorney's fees and costs, in accordance with the law(s) that

applies to the case." This case included both federal and California State statutes

(the TCPA and RFDCPA). The Panel was well within its authority under both,

California Code of Civil Procedure section 685.010 and 28 United States Code Annotated Section 1961. Both statutes mandate the imposition of interest on any post-judgment award. The Contract between the parties and the AAA's rules governing the arbitration arguably allowed for the implementation of interest on the award. As discussed above, it does not matter that Navient believes the Panel was not allowed to assess post judgment interest in the Arbitration Awards. What matters is that the Panel took into account the power allotted to it by the contract, by the AAA consumer rules, and applicable federal and state laws to come to its decision to award post judgment interest.

Navient's Petition to Vacate should be denied, and this court should confirm the Arbitration Award of the Panel.

**C. <u>Mr. Ibarra Should be Awarded Attorney Fees in the Amount of $X,XXX for This Proceeding and Any Work Related to Navient Complying With the Arbitration Awards</u>**

The specific statutory language of the RFDCPA entitles Mr. Ibarra to recovery of all reasonably billed attorney's fees as *a substantive remedy* in this matter. <u>See</u> Cal. Civ. Code § 1788.30, which provides:

> "(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation.
>
> (b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES

sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor; reasonable attorney's fees *may be awarded to a prevailing creditor upon a finding* by the court that the debtor's prosecution or defense of the action was not in good faith."

Cal. Civ. Code § 1788.30 (emphasis added).

Section 1788.17, a 1999 amendment to the RFDCPA, mandates that debt collectors, collecting or attempting to collect a debt are "subject to the remedies in Section 1692k, Title 15 of the United States Code." See Gonzales v. Arrow Financial Services, LLC, 233 F.R.D. 577, 580 (S.D.Cal. 2006). Under both the federal Fair Debt Collection Practices Act ("FDCPA") and the RFDCPA, a successful plaintiff is entitled to receive reasonable attorneys' fees and costs as part of the damages from the liable debt collector. See Schuchardt v. Law Office of Rory W. Clark, 314 F.R.D. 673, 687-88 (N.D.Cal. 2016), citing Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory."). Courts in the Ninth Circuit calculate an award of attorneys' fees using the lodestar method, that is, multiplying

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES

the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. See, Schuchardt, at 688, citing Camacho, 523 F.3d at 978.

**1. The Reasonableness of The Attorney Work Billed.**

**Exhibit 1** to the Declaration of Jeffrey Lohman ("Dec. Lohman") summarizes the reasonable attorney billing prepared pursuant to *Lodestar* for work which was necessary to vindicate Mr. Ibarra's RFDCPA claim. Pursuant to applicable law, these fees and costs are part of Mr. Ibarra's redress for the determined violations. Similarly, **Exhibit 2** to Dec. Lohman shows the *Lodestar* work done in enforcing Mr. Ibarra's rights in this matter. **Exhibit 2** is compliant with this Court's requirement for attorney fee requests.

The rates at which Mr. Ibarra's attorneys billed in this case are reasonable and commensurate with their experience in this particular field of practice. Namely, Mr. Ibarra seeks an award of attorney's fees in the amount of $4,204.20 which is comprised of attorney time spent litigating Mr. Ibarra's RFDCPA claim after the final award was issued by the Panel. Such billing was structured per the experience of the attorney working on this case and the fees incurred thereof. Namely, Jeremy Branch, who spent 13.4 hours working on the RFDCPA claim at $273/hr. and is anticipated to spend an additional two (2) hours to finish this litigation(see Dec. Lohman **Exhibit 1** and **¶¶9-10**). This hourly rate was previously determined by the Panel to be commensurate with the experience of the billing attorney, for

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES

practice under the RFDCPA, a consumer protection statute. The Panel determined that $273/hr. was reasonable in this case, cutting the requested hourly rate for associate attorney's working on this case from $350/hr. as ruled reasonable by the arbitrator in the initial evidentiary hearing. The Panel had full authority to prescribe a reasonable hourly rate, and Mr. Ibarra does not seek a different hourly rate than the one determined by the Panel. This hourly rate should upheld, as it is the Panel's interpretation of the law, and a power granted to it by the agreement and the AAA consumer rules.

In <u>Davis v. Hollins Law</u>, 25 F.Supp.3d 1292 (E.D.Cal. 2014), the adjudicating court upheld an attorney hourly rate of $387.00 per hour, for a total of $35,813.30 in attorney's fees and awarded the plaintiff a substantive remedy of $250.00 for statutory damages and $35,813.30 in attorney's fees. <u>Id.</u> At 1302-03. Thus, the district court recognized that the "reasonable" standard of the RFDCPA and FDCPA relates to the amount of attorney work and rate of pay, not to any relationship between the components of the award under the RFDCPA.

**2. Apportionment is Neither Required Nor Mandated in this Case's Circumstances.**

When a cause of action for which attorney fees are provided by statute is joined with other causes of action, the prevailing party may recover only on the cause of action with statutorily mandated fees. Nonetheless, it is a recognized principle that the joinder of causes of action should not dilute the right to attorney

fees, that is, such fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are mandated and one for which they are not. See, Akins v. Enterprise Rent-A-Car Co., 79 Cal.App.4th 1127, 1133 (2000). "All expenses incurred on the common issues qualify for an award." Id., citing Reynolds Metals Co. v. Alperson, 25 Cal.3d 124, 129-130 [158 Cal.Rptr. 1, 599 P.2d 83] (1979). See also, Maxim Crane Works, L.P. v. Tilbury Constructors 208 Cal.App.4th 286, 298 (2012); Bell v. Vista Unified School Dist. 82 Cal.App.4th 672, 687 (2000)("Apportionment is not required when the claims for relief are so intertwined that it would be impracticable, if not impossible, to separate the attorney's time into compensable and noncompensable units."); Drouin v. Fleetwood Enterprises 163 Cal.App.3d 486, 493, 209 Cal.Rptr. 623 (1985).

        In the instant case, the factual allegations pertaining the claims are the same: Mr. Ibarra informed Navient of his desire to no longer receive (automated) phone calls to his cell phone and Navient continued to incessantly and continuously call him in order to collect on the debt. The Panel determined that Navient's behavior violated the Telephone Consumer Protection Act and that said actions indeed violated the RFDCPA, Section 1788.11, which prohibits the type of egregious telephonic actions perpetrated by Navient. In the instant action, neither Mr. Ibarra nor Navient have attempted to separate the TCPA claim from the RFDCPA claim.

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES

Mr. Ibarra seeks to have the Arbitration Awards confirmed by this Court, and Navient seeks to have the Arbitration Awards vacated. The RFDCPA and TCPA awards are both an integral part of the Arbitration Award. No apportionment need be done between the two, as all time spent by Mr. Ibarra's counsel and by Navient's counsel was directly related to both the TCPA and the RFDCPA. For issues in which the work cannot be apportioned (as is the case here), per applicable standard discussed, apportionment is not only uncalled for, but would result in the undue dilution of the attorney work that was necessary for vindication of the RFDCPA action, on which Mr. Ibarra prevailed.

## III.   <u>CONCLUSION</u>

Navient's arguments that the Panel interpreted the Appeal Clause incorrectly holds no weight in light of the abundant case law cited by both Navient and Mr. Ibarra. It does not matter that Navient disagrees with the Panel's interpretation of the Appeal Clause or the Panel's final decision. Such arguments hold no water. The crucial question is whether or not the Panel interpreted the agreement in a non-arbitrary manner. Navient's Petition to Vacate shows that the Panel did its best to listen to both sides (they allowed both parties to argue extensively on the topic) and made what the Panel thought was the best decision regarding the agreement between the parties, a decision grounded in the law. Navient has not shown, and cannot show, that the Panel disregarded the Appeal Clause and handed out its own

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES

form of arbitrary economic justice. Therefore, Petitioner Miguel Ibarra respectfully requests that this court deny Navient's Petition to Vacate and confirm the Arbitration Award.

It has been almost three years since Mr. Ibarra initially filed his demand for arbitration under the AAA's consumer rules. Navient's continued efforts to delay a final decision on the merits is not in accordance with primary purpose of arbitration, i.e., a "'speedy final disposition' which is the primary purpose of arbitration" Brown v. Sperber-Porter, 711 F. App'x 416, 417 (9th Cir. 2018). Navient's final attempt to delay the Arbitration Awards is meritless. The Arbitration Awards should be confirmed, and Mr. Ibarra should be awarded $4,204.20 in attorney fees.

Respectfully submitted this 1st day of October, 2019.

/s/Jeremy E. Branch
Jeremy E. Branch (State Bar No. 303240)
The Law Offices Of Jeffrey Lohman, P.C.
4740 Green River Road, Suite 310
Corona, CA 92880
Telephone (657) 363-3332
Facsimile: (657) 246-1312
Email: jeremyb@jlohman.com
Attorney for Petitioner

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES

## **CERTIFICATE OF SERVICE**

I hereby certify that October 1, 2019, I will electronically file the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Dennis N. Luek, Jr. Esq.
Hinshaw & Culbertson, LLP
800 3rd Ave., 13th Floor
New York, NY 10022
E: DLueck@hishawlaw.com

*/s/Jeremy E. Branch*

OPPOSITION TO COUNTER-PETITION AND MOTION FOR ATTORNEY FEES