UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01764-JLS-DFM            Date: December 05, 2019
Title: Miguel Ibarra v. Navient Solutions, LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
    Not Present                                           Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) ORDER GRANTING PETITION FOR CONFIRMATION OF ARBITRATION AWARD (Doc. 1)**

Before the Court is Petitioner Miguel Ibarra's Petition for Confirmation of Arbitration Award. (Petition, Doc. 1.) Respondent Navient Solutions, LCC filed an opposition and "counter-petition to vacate the arbitration awards." (Doc. 7.) Ibarra replied. (Doc. 8.) The Court finds this matter appropriate for decision without oral argument, and the hearing set for December 6, 2019, at 10:30 a.m. is VACATED. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court GRANTS the Petition for Confirmation of Arbitration Award and CONFIRMS the Arbitration Award. Additionally, the Court AWARDS Ibarra $3658.20 in attorneys' fees.

### I.     BACKGROUND

On June 15, 2006, Ibarra filled out a "Full Sail Signature Student Loan Application and Promissory Note" with Sallie Mae Education Trust for the amount of $12,000. (Petition ¶ 10; Loan Agreement, Petition Ex. 1, Doc. 1-1.) Under the Loan Agreement, Sallie Mae assigned certain rights to Navient. (*See* Arbitration Award at 1, Lueck Decl. Ex. E., Doc. 7-1.) The Loan Agreement incorporates an arbitration agreement which states that "either party may elect to arbitrate – and require the other

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01764-JLS-DFM                          Date: December 05, 2019
Title: Miguel Ibarra v. Navient Solutions, LLC

party to arbitrate – any Claim." (Loan Agreement at 6, § Q.) It further provides, in pertinent part:

> The arbitrator's award will be final and binding except for: (A) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*. (the "FAA"), and (B) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above under the caption "Location and Costs," the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

(*Id*. at 6, § Q(7).)

On February 1, 2017, Ibarra filed an arbitration demand with the American Arbitration Association ("AAA") seeking damages under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et. seq.* and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.11(d), (e). (Petition ¶ 12.) His claims arose "from 154 alleged telephone calls[1] from [Navient] to Ibarra that were made between January 11, 2016, and September 14, 2016." (*Id.*) On March 15, 2017, Navient filed its answer and asserted a counterclaim for breach of contract to recover $19,688.67 from Ibarra. (*Id*. ¶ 13.) On November 21, 2017, the parties attended an evidentiary hearing in front of arbitrator Peter K. Rundle. (*Id.* ¶ 15; Opp. at 3.) On February 26, 2018, Rundle handed down an arbitration award in favor of Ibarra, finding that Navient made 226 phone calls to Ibarra that constituted "knowing and willful violations of the TCPA." (Arbitration Award ¶ 55.) Rundle awarded Ibarra $228,513.52, equivalent to

---

[1] Ibarra, on September 25, 2017, amended his arbitration demand to allege 247 offending telephone calls. (Petition ¶ 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01764-JLS-DFM            Date: December 05, 2019
Title: Miguel Ibarra v. Navient Solutions, LLC

$249,125 in damages and fees under the TCPA and Rosenthal Act less Ibarra's student loan liability of $20,611.48. (*Id*. ¶ 61.)

On March 28, 2018, Navient appealed the award under the above-quoted language of the arbitration agreement. (Petition ¶ 17; Opp. at 3.) In a June 19, 2019 Interim Award and August 23, 2019 Final Award, the three-arbitrator appellate panel upheld Rundle's ruling, modifying only the amount of reasonable attorney's fees granted pursuant to the Rosenthal Act and applying interest at a rate of "5% per annum." (Petition ¶¶ 20-24; Opp. at 3-4; Interim Award, Petition Ex. 2, Doc. 1-2; Final Award, Petition Ex. 3, Doc. 1-3.) In conducting the appeal, the panel construed the "de novo" language in the arbitration agreement as follows:

> The Tribunal construes the arbitration agreement to contemplate an appellate proceeding rather than a trial de novo. It therefore declines to allow a re-hearing of all the testimonial evidence, even if limited to the issues raised in the Notice of Appeal. To the extent that factual determinations are essential to a decision on those issues, the Tribunal will either subject to more searching review the factual findings made by the arbitrator below, or make those determinations anew based on the documentary record.

(Order on Appeal Procedure ¶ 2, Lueck Decl. Ex. K., Doc. 7-1.)

## II.     LEGAL STANDARD

Under the Federal Arbitration Act, when a party to an arbitration applies for confirmation of the arbitration award, the "court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the Arbitration Act]." 9 U.S.C. § 9; *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010). The party seeking to vacate an award bears the burden of establishing the grounds for vacatur. *U.S. Life Ins. v. Super. Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010). And this burden is a heavy one. A court may vacate an

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01764-JLS-DFM                                Date: December 05, 2019
Title: Miguel Ibarra v. Navient Solutions, LLC

award only where the award was procured by corruption, fraud, or undue means; the arbitrator was partial or corrupt; the arbitrator's misconduct prejudiced the rights of a party; or the arbitrator exceeds his or her powers. 9 U.S.C. § 10; *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 731–32 (9th Cir. 2006); *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003). "Under the statute, confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera*, 341 F.3d at 997.

### III.  DISCUSSION

#### A.  Confirmation of Arbitration Award

Navient argues that the appellate panel exceeded its powers (1) through its construction of the arbitration agreement's "de novo" language and (2) by granting post-award interest. (Opp. at 7-10.) Navient is incorrect in both instances.

#### 1.  Construction of De Novo Language

Navient contends that the panel incorrectly construed the "unambiguous" "de novo" language in the arbitration agreement. (*Id*. at 8.) Under the construction adopted, the panel declined to conduct a new evidentiary hearing, and instead relied on the record developed below. (*Id*. at 8-9.) Navient argues that consequently, the panel did not hear material evidence and Navient was prejudiced. (*Id*.)

The authority cited by Navient undermines its own argument. (*See id*. at 6-7.) "Review of an arbitration award is both limited and highly deferential and the arbitration award may be vacated only if it is completely irrational or constitutes manifest disregard of the law." *Comedy Club, Inc. v. Improv West Associates*, 553 F.3d 1277, 1288 (internal quotations omitted). This "standard is extremely narrow and is satisfied only where [the arbitration award] fails to draw its essence from the agreement." *Id*. (internal quotation omitted). Arbitrators may not force the parties "to arbitrate according to terms for which

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01764-JLS-DFM  Date: December 05, 2019
Title: Miguel Ibarra v. Navient Solutions, LLC

[they] did not bargain. *Western Employers Ins. Co. v. Jefferies & Co.*, 958 F.2d 258, 259 (9th Cir. 1992).

The parties were no so forced here. "It is the arbitrator's construction [of the contract] which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 573 (2013). "So long as the arbitrator was 'arguably construing' the contract—which this one was—a court may not correct his mistakes under § 10(a)(4)." *Id*. at 572. The panel acted entirely within its authority in determining that the arbitration agreement contemplated "an appellate proceeding rather than a trial de novo." Nothing in the arbitration award, the record, or Navient's argument suggests otherwise.[2]

### 2. Grant of Post-Award Interest

Navient also asserts that the panel exceeded its power by granting Ibarra post-award interest, which the arbitration agreement "does not provide for … at all." (Opp. at 9.) But the agreement between the parties does provide for such an award. In Section Q(8), the arbitration agreement provides that:

> This Arbitration agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent

---

[2] Navient also argues the panels statement that it "decline[d] to exercise our independent discretion to reduce or otherwise adjust the amount of the [damages] enhancement" for willful conduct demonstrates that the record was not reviewed de novo. (Opp. at 9; Interim Award ¶ 28.) This argument is at best unavailing and at worst misleading. That sentence follows two paragraphs in which the panel explicitly states that it found "sufficient evidence of Appellant's willful violation of the TCPA." (Interim Award ¶ 27.) After explaining this evidence, the panel expounded on its approval of "Rundle's decision to enhance the statutory damages by an additional $500 per call." (*Id*. ¶ 28.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01764-JLS-DFM                    Date: December 05, 2019
Title: Miguel Ibarra v. Navient Solutions, LLC

consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs.

(Loan Agreement at 6.)  Further, Rule 44(a) of the AAA Consumer Arbitration Rules provides that "the arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law(s) that applies to the case."  AAA CONSUMER ARBITRATION RULES (2016), https://www.adr.org/sites/default/files/Consumer%20Rules.pdf.

This dispute involved claims brought under the TCPA.  "Thus, as in other federal question cases, whether to award prejudgment interest falls within the district court's discretion."  *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 665 F.3d 1091, 1103 (9th Cir. 2011).  And, "there is a presumption in favor of awarding such [post-award, prejudgment] interest."  *Maersk Line Limited v. National Air Cargo Group, Inc.*, 16 Civ. 6272 (KPF), 2017 WL 4444941, at *4 (S.D.N.Y. Oct. 4, 2017).  This is because "in the absence of authority to grant post-award, pre-judgment interest, the losing party in the arbitration has 'an incentive ... to withhold payment.'"  *Id*.  The interest "compensates the injured party for the loss of the use of money he otherwise would have had and avoids the unfairness of allowing the debtor to use money when it should have been in the hands of the victor."  *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, No. 98-CV-1165-B (DHB), 2013 WL 55828, at *2 (S.D. Cal. Jan. 3, 2013) (collecting cases).  When considering an arbitration award of pre-judgment interest, a "district court bestowed with federal-question jurisdiction assesses [the awarded rate] as a matter of federal law despite the lack of a federal statute controlling pre-judgment interest" and "must settle on a rate that compensates for the award's diminution in value over time while not overcompensating the petitioner."  *Maersk*, 2017 WL 4444941, at *4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01764-JLS-DFM    Date: December 05, 2019
Title: Miguel Ibarra v. Navient Solutions, LLC

The Court concludes that in granting post-award interest the panel did not overstep its authority under the arbitration agreement, as informed by the AAA Consumer Arbitration Rules. This is the authority that was freely bargained for in the Loan Agreement. Further, the Court deems that post-award prejudgment interest at a rate of 5% satisfies the considerations set forth above. However, that rate controls the accrual of interest until only the date judgment is entered in this case. After that date, the rate is governed by the provisions of 28 U.S.C. § 1961.[3]

### B. Additional Attorneys' Fees

Ibarra also requests attorneys' fees totaling $4,204.20. (Reply at 11.) "Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings." *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). However, the Rosenthal Act contains a fee-shifting provision which states that "[i]n the case of any action to enforce any liability under this title, [a prevailing debtor] shall be entitled to costs of the action," including "[r]easonable attorney's fees … based on time necessarily expended to enforce the liability." Cal. Civ. Code § 1788.30(c).[4] While the work of Ibarra's counsel on this case is tied to his TCPA claim as well as his Rosenthal Act claim, under California law, "[a]pportionment [of attorneys' fees] is not required when the claims for relief are so intertwined that it would be impracticable, if not impossible, to separate the attorney's time into compensable and noncompensable units." *Kittok v. Leslie's Poolmart, Inc.*, 687 F. Supp. 2d 953, 963 (C.D. Cal. 2009) (quoting *Bell v. Vista*

---

[3] "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. the date of the judgment." 28 U.S.C. § 1961 (a).

[4] Additionally, "every debt collector collecting or attempting to collect a consumer debt shall comply with" 15 U.S.C. § 1692b-j and is subject to the remedies in 15 U.S.C. § 1692k. Cal. Civ. Code § 1788.17. Thus, the Rosenthal Act explicitly incorporates by reference many of the substantive provisions of the Fair Debt Collection Practices Act ("FDCPA") as well as the fee-shifting provision found in § 1692k(a)(3).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01764-JLS-DFM					Date: December 05, 2019
Title: Miguel Ibarra v. Navient Solutions, LLC

*Unified Sch. Dist.*, 82 Cal. App. 4th 672, 686–87 (2000)). The Court concurs with the panel's determination that as the claims here are so intertwined, apportionment between the claims is unnecessary. (*See* Final Award at 1.)

Courts determining the amount of fees to award under the Rosenthal Act's fee-shifting provision employ the lodestar method. *Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1298 (E.D. Cal. 2014) (citing *Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324 (2009)). "The 'lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer.'" *Id*. (quoting *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)). "[A] 'reasonable' number of hours equals '[t]he number of hours . . . [which] could reasonably have been billed to a private client.'" *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)). And the Court determines "a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986).

Here, Ibarra's counsel, Jeremy Branch, spent 13.4 hours working the matter and requests an hourly rate of $273.[5] (Reply at 11-12; Lohman Decl. ¶ 9, Doc. 8-1.) Upon review of Branch's itemized billing records (*see* Lohman Decl. Ex. 2, Doc. 8-3), the Court finds them reasonable and discerns no need for adjustment, with the exception that the Court will not award fees based on the anticipated additional two hours' work. Further, the Court readily finds that the hourly rate of $273 is reasonable in light of Branch's experience, actual billing rate[6], and the Court's own knowledge of prevailing rates. (Lohman Decl. ¶¶ 3-4.) More importantly, the rate falls well within the range of those deemed reasonable in this context. *See Heritage Pacific Financial, LLC v. Monroy*,

---

[5] When seeking fees during the arbitration proceeding, Ibarra's counsel submitted a hourly rate of $350, which the panel reduced to a $273 hourly rate that it deemed reasonable. (Reply at 11.)
[6] Branch's firm calculates attorney billing rates by "taking the median rate for attorneys in [the] geographical location [of the office] based on experience and expertise according to the 'United States Consumer Law Attorney Fee Survey Report, 2015-2016.'" (Lohman Decl. ¶ 4.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01764-JLS-DFM                    Date: December 05, 2019
Title: Miguel Ibarra v. Navient Solutions, LLC

215 Cal. App. 4th 972, 1009 (2013) (finding a hourly rate of $450 reasonable in the Rosenthal Act context); *Ronale Bea-Mone, III v. Steven D. Silverstein, Attorney at Law*, No. 8:17-cv-00550-JLS-DFM, Doc. 116 at 6 (C.D. Cal. Feb. 20, 2019) (collecting similar FDCPA cases where hourly rates of $300 to $495 were deemed reasonable). And the panel has already found the hourly rate of $273 to be reasonable in this instance. (Interim Award ¶¶ 35-37.)

Thus, the Court calculates the lodestar as $3658.20 (13.4 x $273)[7] and awards attorneys' fees in that amount.

## IV.  CONCLUSION

Upon reviewing the arbitral award in this case, the Court finds no cause for vacatur. Nothing about this award nor the reasoning that led up to it contains any indicia of corruption, fraud, undue means, or anything else that suggests the arbitrators exceeded their powers or engaged in misconduct that prejudiced Navient.

Accordingly, the Court CONFIRMS the arbitration award. Further, the Court AWARDS Ibarra $3658.20 in attorneys' fees. Ibarra shall file a proposed judgment within **fourteen (14) days** of this Order.

---

[7] "Once a 'lodestar figure' is at hand, the Court may consider the twelve *Kerr* factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Calderon v. The Wolf Firm, Inc.*, 8:16-cv-01266-JLS-KES, Doc. 75, at *8 (C.D. Cal. Sept. 18, 2018) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). "Many of the *Kerr* factors, such as the time required, customary fee, and the experience and reputation of the attorneys are already reflected in the lodestar calculation above. The Court finds that the rest of the *Kerr* factors do not weigh in favor of any adjustment." *Calderon*, 8:16-cv-01266-JLS-KES, Doc. 75, at *13.